MICHAEL H. YI, ESQ. (State Bar #269025)
IAN C. MADROSEN, ESQ. (State Bar #264989)
**YI & MADROSEN**
3435 Wilshire Boulevard, Suite 1045
Los Angeles, California 90010
Telephone: (213) 377-5447
Facsimile:  (213) 377-5448
email:        myi@yimadrosenlaw.com

Attorneys for Defendants
America's Best Value Inn and RAI Hospitality, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an Individual,<br><br>            Plaintiff,<br>    vs.<br><br>AMERICA'S BEST VALUE, INN, a business unknown form; RAI HOSPITALITY, INC., a California corporation; and DOES 1-10, inclusive,<br><br>            Defendants. | CASE NO.: 3:18-cv-01734-CAB-BGS<br><br>**DEFENDANTS' MOTION TO DISMISS SECOND CAUSE OF ACTION UNDER CALIFORNIA UNRUH CIVIL RIGHTS ACT FOR FAILURE TO STATE A CLAIM**<br><br>Date: October 1, 2018<br>Time: TBD<br>Before: Hon. Cathy Ann Bencivengo<br>Courtroom: 4C<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>Complaint Filed: July 27, 2018<br>Trial: Not Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that a hearing date of October 1, 2018 has been set, or as soon thereafter as counsel may be heard by the above entitled court, located at 221 West Broadway, Courtroom 4C, San Diego, California 92101 before Honorable Cathy Ann Bencivengo.  Per chamber rules, no oral argument may be heard unless separately ordered by the Court and the hearing date is set to create a briefing schedule for any opposition and reply to be subsequently filed.

**DEFENDANTS WILL AND HEREBY DOES MOVE**, pursuant to Federal Rules of Civil Procedure 12(b)(6), for a judgment dismissing this action without prejudice as to Plaintiff's second cause of action for violation of the Unruh Civil Rights Act, California Civil Code Section 51 et. seq.

This motion is made on the grounds that construction related-accessibility claims under California Civil Code sections 51 and 54 must be verified and include specific factual allegations.  Plaintiff has failed to do both.  Further, plaintiff is a high-frequency litigant as defined by California Code of Civil Procedure section 425.55(b) and so must allege additional facts in order to maintain a cause of action.  He has not done so.

This motion is based on this notice, the memorandum of points and authorities attached and upon other evidence and argument as the court may consider.

Defense counsel attempted without success to meet and confer with Plaintiff's counsel prior to filing this motion, by phone and email on August 27, 2018.

DATED: August 27, 2018	YI & MADROSEN

By:  ____/s/ Michael H. Yi_____
MICHAEL H. YI
Attorneys for Defendants

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND FACTUAL BACKGROUND ........................................... 6

II. STATEMENT OF LAW: FAILURE TO STATE A CLAIM ................................. 6

III. PLAINTIFF'S UNRUH CLAIMS MUST BE DISMISSED FOR HIS FAILURE TO VERIFY THOSE CAUSES OF ACTION ................................................................. 7

IV. PLAINTIFF'S UNRUH CLAIMS MUST BE DISMISSED IF PLAINTIFF CANNOT OR WILL NOT STATE ALL REQUIRED FACTUAL ALLEGATIONS ................... 9

A. Further Pleading Requirements for High-Frequency Litigants.................................. 9

B. Pleading Requirements for All Construction-Related Accessibility Claims............... 11

V. CONCLUSION ........................................................................................................12

# TABLE OF AUTHORITIES

**Page**

## CASES

Ashcroft v. Iqbal,
556 U.S. 662 (2009) .................................................................................................. 7

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) .................................................................................................. 7

Burget v. Lokelani Bernice Puauhi Bishop Trust,
200 F.3d 661 (9th Cir. 2000) .................................................................................... 7

In re Stac Elec. Sec. Litig.,
89 F.3d 1399 (9th Cir. 1996) ....................................................................................7

## STATUTES

California Civil Code
§ 51 ................................................................................................................. passim
§ 54 ................................................................................................................. passim
§ 55.3(a) ................................................................................................................ 8,11
§ 55.3(a)(1) ............................................................................................................... 8
§ 55.52(a)(2) ............................................................................................................. 7
§ 55.52(a)(6) ..............................................................................................................8

California Code of Civil Procedure
§ 425.50(b)(1) ........................................................................................................... 7
§ 425.50(b)(1)-(3) ................................................................................................... 11
§ 425.50(b)(3) ......................................................................................................... 11

§ 425.50(b)(4) ............................................................................................................ 7

§ 425.55(a)(2) ............................................................................................................ 7

§ 425.55(b) ............................................................................................................... 11

**RULES**

Federal Rules of Civil Procedure

§ 8(a)(2) ..................................................................................................................... 6

§ 12(b)(6) ..........................................................................................................passim

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL BACKGROUND

The present complaint does not meet all pleading requirements essential to state a claim for a construction-related accessibility violation under California law. The complaint is not verified and its allegations are too general. This is fatal to Plaintiff's California claims.

Further, Plaintiff has filed a large number accessibility lawsuits alleging construction-related accessibility violations in a template complaint. In August 2018, he filed two such complaints in the Southern District of California. In July 2018, he filed twelve such complaints in the Southern District of California (including the present one). The extent and content of these filings makes him a high-frequency litigant, subject to additional constraints in order to maintain claims for violation of California Civil Code sections 51 and 54. Plaintiff fails to meet those requirements as well. The complaint does not state the number of complaints alleging a construction-related accessibility claim in the twelve months prior. It does not state the reason the Plaintiff was in the geographical area of the Defendant's business. It does not state the specific reason Plaintiff desired access to the Defendant's business. Each of these is an element of Plaintiff's claim. If he cannot or will not plead them, his California claims must be dismissed for failure to state a claim.

## II. STATEMENT OF LAW: FAILURE TO STATE A CLAIM

Dismissal for failure to state a claim is authorized by Federal Rule of Civil Procedure 12(b)(6). A pleading must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff does not do so, a defendant may assert a defense of failure to state a claim by motion before a responsive pleading. Fed. R. Civ. P. 12(b)(6).

In order to survive a dismissal motion on grounds of failure to state a claim, a plaintiff must allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is plaintiff's obligation to allege enough facts to "state a claim to relief that is plausible on its face" and "more than a sheer possibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss under rule 12(b)(6), "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Burget v. Lokelani Bernice Puauhi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). The court need not, however, accept as true conclusory allegations and unwarranted inferences. *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996).

### III. PLAINTIFF'S UNRUH CLAIMS MUST BE DISMISSED FOR HIS FAILURE TO VERIFY THOSE CAUSES OF ACTION.

Plaintiff must verify the allegations of his complaint as to paragraphs 35, 36, and 37 (identified as Second Cause of Action Against Defendants) because he alleges violations under California Civil Code section 51 et seq concerning building construction as a basis for these claims. "A complaint alleging a construction-related accessibility claim, as those terms are defined in subdivision (a) of Section 55.3 of the Civil Code, shall be verified by the plaintiff. A complaint filed without verification shall be subject to a motion to strike." Cal. Code Civ. Proc. § 425.50(b)(1). California Civil Code section 55.3(a) defines a "construction-related accessibility claim" as "any claim of a violation of any construction-related accessibility standard, as defined by paragraph (6) of subdivision (a) of Section 55.52, with respect to a place of public accommodation," not including claims of interference caused by something other than the condition of the property, such as by a person. Cal. Civ. Code § 55.3(a)(2).

California Civil Code section 55.52(a)(6), defines a "construction-related accessibility standard" as "a provision, standard, or regulation under state or federal law requiring compliance with standards for making new construction and existing facilities accessible to persons with disabilities, including, but not limited to, any provision standard, or regulation, set forth in Section 51, 54, 54.1, or 55 of this code, Section 19955.5 of the Health and Safety Code (Title 24 of the California Code of Regulations), the federal Americans with Disabilities Act of 1990 (Public Law 101-336; 42 U.S.C. Sec. 12101 et seq.), and the federal Americans with Disabilities Act Accessibility Guidelines (Appendix A to Part 36 of Title 28 of the Code of Federal Regulations).  Cal. Civ. Code § 55.52(a)(6).

Plaintiff is required to verify his complaint because he has alleged a construction-related accessibility claim, described by him as "architectural barriers" violative of the ADAAG.  Specifically, Plaintiff makes the following allegations incorporated into his state law claims in paragraph 41 of the Complaint:

1. "parking facilities failed to provide the required compliant Van Accessibile disabled parking space or regular disabled parking space." [Complaint, Dkt. 1, p. 3, ln. 27.]

2. "Defendants fail[ed] to provide the required compliant …disabled parking disability signage." [Complaint, Dkt. 1, p. 4, ln. 12.]

3. Defendants "failed to provide…access aisle that formed a part of an accessible route to the entrance (ADAAG 4.6.3)" [Complaint, Dkt. 1, p. 4, ln. 1-5.]

The complaint alleges construction-related accessibility claims because, as can be seen, it includes allegations related to the construction of the facility rather than the conduct of any person.  Plaintiff asserts that the Defendants' facility is a "place of public accommodation." [Complaint, Dkt. 1, p. 3, ln. 25-26.]  Plaintiff also alleges discrimination caused by the existence of alleged structural barriers in violation, among others, of the Americans with Disabilities Act, California Civil Code sections, 51 and 54;

and the Americans with Disabilities Act Accessibility Guidelines (ADAAG). Each of these bodies of law and regulation are specifically enumerated in the definition of a construction-related accessibility standard. Therefore, Plaintiff must verify his complaint in order to pursue his state claims.

**IV. PLAINTIFF'S UNRUH CLAIMS MUST BE DISMISSED IF PLAINTIFF CANNOT OR WILL NOT STATE ALL REQUIRED FACTUAL ALLEGATIONS**

California law also imposes additional pleading requirements when pleading a complaint based on Civil Code sections 51 and 54 for high-frequency litigants and for claims arising from construction-related accessibility issues. In addition to the failure to verify the complaint, the court should dismiss Plaintiff's state law claims (claims fourteen, fifteen, and sixteen) because Plaintiff has failed to comply with these requirements.

**A. Further Pleading Requirements for High-Frequency Litigants.**

Because Plaintiff is a high-frequency litigant (defined by statute) he is subject to additional pleadings requirements in order to assert a claim under California Civil Code sections 51 and 54. A high-frequency litigant is a person who… utilizes court resources in actions arising from alleged construction-related access violations at such a high level that it is appropriate that additional safeguards apply so as to ensure that the claims are warranted. A 'high-frequency litigant' means one or more of the following: (1) A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation. Cal. Code Civ. Proc. § 425.55(b). Plaintiff easily meets the definition of a high-frequency litigant. As stated above, he has filed a large number accessibility lawsuits alleging construction-related accessibility violations in a template complaint, including 32 including the instant complaint in the Southern District of California from April 20, 2017 through the present date of this Motion. These complaints allege, in nearly identical language, violation of construction-related accessibility claims.

Because Plaintiff is a high-frequency litigant, he is subject to additional pleading requirements in order to bring his state law claims in the present lawsuit.

(4) (A) Except in complaints that allege physical injury or damage to property, a complaint filed by or on behalf of a high-frequency litigant shall also state all of the following:

(i) Whether the complaint is filed by, or on behalf of, a high-frequency litigant.

(ii) In the case of a high-frequency litigant who is a plaintiff, the number of complaints alleging a construction-related acessibilty claim that the high-frequency litigant has filed during the 12 months prior to filing the complaint.

(iii) In the case of a high-frequency litigant who is a plaintiff, the reason the individual was in the geographic area of the defendant's business.

(iv) In the case of a high-frequency litigant who is a plaintiff, the reason why the individual desired to access the defendant's business, including the specific commercial, business, personal, social, leisure, recreational, or other purpose.

(B) As used in this section "high-frequency litigant" has the same meaning as set forth in subdivision (b) of Section 425.55.

Cal. Code Civ. Proc. § 425.50(b)(4).

The addition of these requirements was prompted by a study finding that "a very small number of plaintiffs have filed a disproportionately large number of construction-related accessibility claims," "frequently filed against small business on the basis of boilerplate complaints," which "unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations." Cal. Code Civ. Proc. § 425.55(a)(2).

Here, Plaintiff has not alleged any physical injury or damage to property, but has nevertheless failed to make the additional allegations required of a high-frequency litigant bringing claims under California Civil Code section 51 and 54. His failure to do so is a

failure to state a claim as to his second cause of action for violation of the Unruh Civil Rights Act.

**B. Pleading Requirements for All Construction-Related Accessibility Claims.**

In addition to those pleading requirements mandated for high-frequency litigants, any allegation of a construction-related accessibility claim in a complaint, as defined in subdivision (a) of Section 55.52 of the Civil Code, requires an allegation of facts sufficient to allow a reasonable person to identify the basis of the violation or violations, including all of the following:

…

(2) The way in which the barrier denied the individual full and equal use or access, or in which it deterred the individual, on each particular occasion.

(3) The date or dates of each particular occasion on which the claimant encountered the specific access barrier, or on which he or she was deterred.

Cal. Code Civ. Proc. § 425.50(b)(1)-(3).

A construction-related accessibility claim under section 55.52 is defined similarly as under section 55.3(a).  It states that a construction-related accessibility claim is "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard as defined in paragraph 6." Cal. Civ. Code § 55.52(a)(1).  As provided in full in section III of this motion, a construction-related accessibility standard is "a provision, standard, or regulation under state or federal law requiring compliance with standards for making new construction and existing facilities accessible to persons with disabilities… Cal. Civ. Code § 55.52(a)(6).  For the reasons asserted above, Plaintiff's second cause of action under the Unruh Civil Rights Act of California Civil Code sections 51et seq. are construction-related accessibility claims.

The reason Plaintiff's allegations are insufficient under this section is that they do not describe Plaintiff's conduct. Plaintiff alleges that (1) he "encountered the above barriers when attempting to access the Business and Property"; (2) "is being deterred from patronizing the Business and its accommodations on particular occasions, but intends return to the Business for the dual purpose of availing himself of the goods and services offered to the public"  [Complaint, Dkt. 1., p. 4-5.]  This type of allegation does not describe how he was denied access.

Furthermore, although Plaintiff alleges that he went to Defendant's facility on or about April and May 2018 to rent a room, the Civil Code requires a greater degree of specificity to be compliant.  The Plaintiff must provide "the date…of each particular occasion."  Cal. Code Civ. Proc. § 425.50(b)(3).  These facts must be pled to state a claim.  The failure to do so is a ground for dismissal.

**V. CONCLUSION**

For the foregoing reasons, the court should dismiss the complaint without prejudice unless Plaintiff can show an ability and willingness to properly amend.

DATED: August 27, 2018                                    YI & MADROSEN

                                                      By: _____/s/ Michael H. Yi_____
                                                          MICHAEL H. YI
                                                          Attorneys for Defendants