1  MICHAEL H. YI, ESQ. (State Bar #269025)
   IAN C. MADROSEN, ESQ. (State Bar #264989)
2  **YI & MADROSEN**
   3435 Wilshire Boulevard, Suite 1045
3  Los Angeles, California 90010
   Telephone: (213) 377-5447
4  Facsimile:  (213) 377-5448
   email:      myi@yimadrosenlaw.com
5
   Attorneys for Defendants
6  America's Best Value Inn and RAI Hospitality, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an Individual<br><br>        Plaintiff,<br>vs.<br><br>AMERICA'S BEST VALUE, INN, a business unknown form; RAI HOSPITALITY, INC., a California corporation; and DOES 1-10, inclusive,<br><br>        Defendants. | CASE NO.: 3:18-cv-01734-CAB-BGS<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: October 1, 2018<br>Time: TBD<br>Before: Hon. Cathy Ann Bencivengo<br>Courtroom: 4C<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>Complaint Filed: July 27, 2018<br>Trial: Not Set |

TO ALL INTERESTED PARTIES AND TO THE HONORABLE CATHY ANN BENCIVENGO:

AMERICA'S BEST VALUE, INN and RAI HOSPITALITY, INC. (Collectively referred to as "Defendants"), replies to JAMES RUTHERFORD's (the "Plaintiff"), Opposition to Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

**I. INTRODUCTION**

The issue before the Court is whether Plaintiff is required to verify his Complaint, plead the dates the alleged violations under the ADA and California's Unruh Civil Rights Act, and plead how Plaintiff was denied full and equal access during his stay at Defendants' motel room. Plaintiff argues in his Opposition papers that these facts need not be plead because California Code of Civil Procedure § 425.50 does not apply in Federal Court. Defendant contends in the instant brief that the authority relied on by Plaintiff in his Opposition papers are not mandatory on this Court and can be distinguished from the facts of the instant case. Furthermore, Plaintiff contradicts his Complaint when Plaintiff claims that he went to Defendants' business in April 3 and April 13, 2018 in his Opposition papers but in his Complaint states that he went to Defendants' business on or about April or May 2018.

Plaintiff does not deny that he has filed 14 lawsuits (including the instant case) alleging the same construction-related accessibility violations in the span of two months during the months of July 2018 through August 2018. As a practical matter, with that many lawsuits, Plaintiff should verify his Complaint as a matter of caution to prevent error as the instant Complaint does not even state the reason the Plaintiff was in the geographical area of the Defendant's business nor does it state the specific reason Plaintiff desired access to the Defendant's business.

At a minimum the Court should require that the Plaintiff provide these facts should be plead in his Complaint to satisfy the "short and plaint" statement required under Federal Rules of Civil Procedure 8(a)(2). Accordingly, Defendant's motion to dismiss should be granted under Federal Rules of Civil Procedure 12(b)(6).

**II. LEGAL ARGUMENT**

Plaintiff relies on *Oliver v. In-N-Out Burgers*, F.R.D. 475 and its progeny of case law to assert that the requirements under California Code of Civil Procedure § 425.50 are not applicable in the instant case. First, Plaintiff has not cited any mandatory authority in

1  which this Court must apply in making the ruling on Defendants' Motion to Dismiss since all of the cases relied on by Plaintiff in his Opposition are U.S. Federal District Court cases and not appellate level case in the ninth circuit or United States Supreme Court cases.

Secondly, Plaintiff states in his Opposition "that he went to Defendants business on April 3 and April 13, 2018 to rent a room (Complaint ¶ 11) at Defendants' property that is a place of public accommodation." . [Opposition, Dkt. 7, p. 4, ln. 28 - p.5, ln. 1-2]. However, Plaintiff has not cited these dates anywhere in his Complaint.

In plain contradiction, Plaintiff's Complaint paragraph 11 reads: " Plaintiff went to the Business on or about April and May 2018 to rent a room." [Complaint, Dkt.1, p.3, ln. 23-24.]. If Plaintiff intended to include "April 3 and April 13, 2018" instead of "on or about April and May 2018", he should be granted leave to amend his Complaint to state such facts.

Lastly, the reason Plaintiff's allegations are insufficient is that they do not describe Plaintiff's conduct.  Plaintiff alleges that (1) he "encountered the above barriers when attempting to access the Business and Property"; (2) "is being deterred from patronizing the Business and its accommodations on particular occasions, but intends return to the Business for the dual purpose of availing himself of the goods and services offered to the public" [Complaint, Dkt. 1., p. 4-5.]  This type of allegation does not describe how he was denied access.

## V. CONCLUSION

For the foregoing reasons, the court should dismiss the complaint without prejudice unless Plaintiff can show an ability and willingness to properly amend.

DATED: September 24, 2018              YI & MADROSEN

                                By:    /s/ Michael H. Yi
                                       MICHAEL H. YI